IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NARCISCO BARAJAS,<br><br>                     Plaintiff,<br>v.<br><br>MYRIAD GENETIC LABORATORIES, INC.,<br><br>                     Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [26] MOTION TO DISMISS**<br><br><br>Case No. 2:13-cv-997-DN<br><br>District Judge David Nuffer |

      Plaintiff, Narcisco Barajas, brought a cause of action for wrongful discharge against Defendant, Myriad Genetic Laboratories ("Myriad") in Texas state court. Defendant removed and transferred venue to this court.[1] Defendant, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves[2] for dismissal of Plaintiff's complaint. For the reasons set forth below, Defendant's motion is GRANTED.

## BACKGROUND

      Plaintiff was employed by Defendant in Austin, Texas from September 2011 until he was terminated on or about August 9, 2012.[3] Prior to Plaintiff's employment, Plaintiff entered into an employment agreement with Defendant, which read: "The parties hereto agree that the terms

---

[1] Notice of Removal of Civil Action [Notice of Removal], docket no. 1, filed April 26, 2013; Order Granting Defendant's Motion to Transfer Venue Under 28 U.S.C. §1404(a) [Order Granting Motion to Transfer], docket no. 22, filed October 30, 2013.

[2] Motion to Dismiss and Memorandum in Support Thereof, docket no. 26, filed November 15, 2013.

[3] Plaintiff Narcisco Barajas' Original Petition [Complaint] at Exhibit A, ¶¶ 6.1-3, docket no. 1.

of this agreement shall be governed by and construed in accordance with the laws of the State of Utah."[4] The agreement further stated:

> Any litigation between the parties concerning this Agreement, or any claim or lawsuit relating to Employee's employment with the Company, including termination, must be filed no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit, and Employee waives any statute of limitations to the contrary . . . .[5]

After termination of Plaintiff's employment, Plaintiff filed a charge of discrimination with the Texas Workforce Commission ("TWC") on September 5, 2012.[6] That charge was dismissed on January 31, 2013.[7] Plaintiff then brought this cause of action for wrongful discharge against Defendant in Texas state court on April 4, 2013. The case was removed to the Southern District of Texas,[8] and ultimately transferred the case to this court based on the forum selection clause in the parties' employment agreement.[9]

Plaintiff now contends that the contractual time limitation provision of the employment agreement which shortens the statute of limitations to six months is unenforceable under Texas law, it is a prospective waiver of rights, and is against public policy.[10]

---

[4] Myriad Genetics Laboratories, Inc. Employment Agreement at Exhibit B, ¶ 9, docket no. 1.

[5] *Id.*

[6] Complaint at ¶ 5.1.

[7] Dismissal and Notice of Right to File a Civil Action, Exhibit A, docket no. 1.

[8] Notice of Removal.

[9] Order Granting Motion to Transfer.

[10] Response to Defendant's Motion to Dismiss [Defendant's Response], docket no. 34, filed January 16, 2014.

## MOTION TO DISMISS STANDARD

To avoid dismissal pursuant to Rule 12(b)(6), a complaint "must contain enough factual allegations 'to state a claim to relief that is plausible on its face."[11] To state a plausible claim, "the Plaintiff has the burden to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief."[12] "Factual allegations must be enough to raise a right to relief above the speculative level."[13] Furthermore, although the statute of limitations is an affirmative defense generally raised by answer, it may be resolved on a Rule 12(b)(6) motion to dismiss "when the dates given in the complaint[, as in the instant case,] make clear that the right sued upon has been extinguished."[14]

## ARGUMENT

This case bears substantial similarity to *Notestine v. Myriad Genetic Laboratories, Inc.*,[15] where this court upheld the same contractual time limitation provision of Defendant's employment agreement. In *Notestine*, the plaintiff sought to invalidate the provision because it required suit to be brought within six months of termination, and it usually takes longer than six months for the Equal Employment Opportunity Commission ("EEOC") to issue a right to sue letter.[16] Based upon Tenth Circuit precedent, Notestine's complaint was dismissed because "the Tenth Circuit, like most courts, endorses the 'file and amend' procedure that complies with the

---

[11] *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

[12] *VanZandt v. Oklahoma Dept. of Human Services,* 276 F. App'x 843, 846 (10th Cir. 2008) (quoting *Robbins,* 519 F.3d at 1247.)

[13] *Twombly,* 550 U.S. at 555.

[14] *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980).

[15] 2:11-CV-822-DN, 2013 WL 2420341 (D. Utah May 31, 2013), appeal dismissed (Nov. 5, 2013).

[16] *Id*. at * 1.

contract," and "there was no bar to [the plaintiff] filing this suit [prior to receiving a right to sue letter]."[17]

Unlike *Notestine*, here Plaintiff is contesting the provision on the basis that it is unenforceable under Texas law.[18] Plaintiff's case was transferred to this district pursuant to 28 U.S.C. § 1404(a). Generally, when a case is transferred pursuant to section 1404(a), the transferee court must apply the choice-of-law rules of the state form which the case was transferred.[19] Recently, however, the United States Supreme Court resolved a split among the circuits regarding section 1404(a), and commented on the present issue. The Supreme Court stated that "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules."[20] In the present case, the language of the forum selection clause within Plaintiff's employment agreement makes clear that the parties agreed to litigate any claims "relating to Employee's employment with the Company including termination" within Salt Lake County, Utah.[21] Utah's choice-of-law rules, therefore, apply in determining whether the "contractual choice-of-law provision is enforceable."[22] Utah enforces such choice-of-law provisions, except where to do so would be unreasonable.[23] Here, the choice-of-law provision in the employment agreement limiting the time for bringing an action is enforceable because as

---

[17] *Id*. at *1–2.

[18] Defendant's Response at 1.

[19] *See Piper Aircraft v. Reyno,* 454 U.S. 235, 243 n. 8 (1981).

[20] *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 582, 187 L. Ed. 2d 487 (2013).

[21] Employment Agreement ¶ 9.

[22] *Equifax Services, Inc. v. Hitz*, 905 F.2d 1355, 1360 (10th Cir. 1990).

[23] *Deer Crest Associates I, LC v. Silver Creek Dev. Grp., LLC*, 2009 UT App 356, 222 P.3d 1184, 1187–88 ("Utah courts follow the general principle that parties may contractually limit the time in which to bring an action in contract to a period shorter than that of the applicable statute of limitations, so long as the limitation is reasonable.").

previously held in *Notesetine*, our circuit endorses the "file and amend" procedure, it is "not unreasonable to require compliance with the contractual time limitation provision."[24]

Plaintiff further argues that the provision is unenforceable because it is "a complete waiver of all substantive rights," including rights under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the Age Discrimination in Employment act.[25] This argument fails for the same reason it did in *Notestine*. The argument assumes Plaintiff could not file suit prior to receiving a right to sue letter from the EEOC or the TWC. Plaintiff could have filed his claim within the contractually limited statute of limitations and then amended the claim after he received the ruling from the EEOC or the TWC.[26] The provision gives potential plaintiffs ample opportunity to follow the file-and-amend procedure, irrespective of any employment commission rulings.

Like the plaintiff in *Notestine*, Plaintiff argues it is poor public policy to enforce the provision as it shortens the statute of limitations on bringing important claims.[27] However, honoring the provision is good public policy. "[T]wo 'prime objectives' of contract law are to protect the justified expectations of the parties and to make it possible for them to foretell with accuracy what will be their rights and liabilities under the contract."[28] Enforcing reasonable contractual provisions, such as the provision in question, protect integrity of the contractual process. The provision shortens the statute of limitations for claims by both parties, and the Utah

---

[24] *Notestine,* 2013 WL 2420341 at *2.

[25] Defendant's Response at 2.

[26] *Roe v. Cheyenne Mtn. Conf. Resort, Inc.*, 124 F.3d 1221 (10th Cir. 1997) (citing the file-and-amend procedure with approval).

[27] Defendant's Response at 4–5.

[28] *Boyd Rosene & Assoc's v. Kansas Municipal Gas Agency*, 174 F.3d 1115, 1121 (10th Cir. 1999) (citation and internal quotation marks omitted).

courts have repeatedly emphasized that parties are "entitled to contract on their own terms without the intervention of the courts."[29]

## ORDER

IT IS HEREBY ORDERED that the motion to dismiss[30] is GRANTED.

Dated November 4, 2014.

BY THE COURT:

*[signature: David Nuffer]*

David Nuffer
United States District Judge

---

[29] *Biesinger v. Behunin.* 584 P.2d 801, 803 (Utah 1978).

[30] Motion to Dismiss and Memorandum in Support Thereof, docket no. 26, filed November 15, 2013.